UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

RAUL CORTES SOLIS, on behalf of himself and all others similarly situated, )
)
)
Plaintiff, )
)
vs. ) Case No. 4:15-CV-1343-RLW
)
AT&T MOBILITY LLC, )
)
Defendant. )

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant AT&T Mobility LLC's Motion to Compel Arbitration of Claims and to Stay Litigation (ECF No. 6). This matter is fully briefed and ready for disposition.

## BACKGROUND

In this putative class action, Plaintiff Raul Cortes Solis ("Solis") alleges claims for Violation of the Missouri Merchandising Practices Act ("MMPA"), R.S. Mo. §407.020.20 (Count I) and fraudulent misrepresentation (Count II). Solis contends that Defendant AT&T Mobility LLC ("AT&T") has been selling "unlimited data plans" to customers without informing the customers that the plans had built in restrictors based upon the quantity of data used by the customer. (ECF No. 5). AT&T removed this action to this Court, claiming that this Court has jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §1332(d). (ECF No. 1).

## STANDARD OF REVIEW

The Eighth Circuit has outlined the standard to determine if a claim should be submitted to arbitration based upon a contractual provision:

> "A dispute must be submitted to arbitration if there is a valid agreement to arbitrate and the dispute falls within the scope of that agreement." *Berkley v. Dillard's Inc.*, 450 F.3d 775, 777 (8th Cir. 2006). A party who has not agreed to arbitrate a dispute cannot be forced to do so. *PCS Nitrogen Fertilizer, L.P. v. Christy Refractories, L.L.C.*, 225 F.3d 974, 977 (8th Cir. 2000). "The Arbitration Act establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability" *Moses H. Cone Mem. Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 24–25, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983).

*Bank of Am., N.A. v. UMB Fin. Servs., Inc.*, 618 F.3d 906, 911 (8th Cir. 2010).

## DISCUSSION

AT&T maintains that the arbitration provision in the contracts governing Solis' service (hereinafter "service contracts") requires both the account holder and any users on the account to arbitrate any claims against AT&T. (ECF No. 7). Since 2008, Solis has been a user on the account of AT&T customer Nicole Solawetz. The service contracts that Ms. Solawetz signed with AT&T provide that the parties, as well as "all authorized or unauthorized users or beneficiaries of services," agree to "arbitrate all disputes and claims between us." (ECF No. 7 at 3). AT&T asserts that Solis cannot avoid arbitration by pointing out that he is merely a user of a telephone line on another person's AT&T account, rather than the person who signed the contracts, because Solis is a third party beneficiary of those contracts.

In response, Solis alleges that no valid arbitration agreement exists because he is not a party to AT&T's arbitration provision. (ECF No. 12 at 2-3). Solis claims that he never signed an agreement with AT&T and is not a third party beneficiary to AT&T's arbitration provision. (ECF No. 12 at 3-4). Solis claims that no benefits to him are mentioned in the service contracts, which were entered into by Nicole Solawetz alone. In fact, Solis argues that the requirement to arbitrate is more of a "liability" because it restricts his legal options. (ECF No. 12 at 4). Solis further

argues that his claims fall outside the scope of the arbitration provision because the claims are based in tort and pre-date any service agreement with AT&T. (ECF No. 12 at 5-8).

The Court finds that Solis is a third-party beneficiary under the AT&T service contracts and his claims are subject to arbitration. Missouri law is settled regarding the requirements to be a third-party beneficiary of a contract:

> To be bound as a third-party beneficiary, the terms of the contract must clearly express intent to benefit that party or an identifiable class of which the party is a member. *Peters v. Employers Mut. Cas. Co.,* 853 S.W.2d 300, 301 (Mo. banc 1993). In cases where the contract lacks an express declaration of that intent, there is a strong presumption that the third party is not a beneficiary and that the parties contracted to benefit only themselves. *State ex rel. William Ranni Assocs., Inc. v. Hartenbach,* 742 S.W.2d 134, 141 (Mo. banc 1987). Furthermore, a mere incidental benefit to the third party is insufficient to bind that party. *Id.* at 140.

*Nitro Distrib., Inc. v. Dunn*, 194 S.W.3d 339, 345 (Mo. 2006), as modified on denial of reh'g (June 30, 2006). The Court finds that the AT&T service contracts "clearly express [an] intent to benefit" Solis. The Customer Service Summary, which is incorporated by reference into the service contracts, confirms that AT&T agreed to provide service to the wireless telephone number used by Solis. (ECF No. 13 at 4). The fact that Solis was not the customer of record on the account is of no significance because the service contracts obligated AT&T to provide wireless service to that line unless it was suspended or terminated, which clearly provided a benefit to Solis. *See* First Amended Petition, ECF No. 5, ¶3 ("At all relevant times herein, Plaintiff carried an unlimited data plan with Defendant."). Further, the Court cannot find that the arbitration provision is more of liability than a benefit because it afforded Solis the prospect of a minimum recovery of $10,000 and double attorneys' fees. (ECF No. 13 at 4-5); *see also AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 131 S. Ct. 1740, 1753, 179 L. Ed. 2d 742 (2011) (noting that the district court found that claimants "were *better off* under their arbitration agreement with AT&T

than they would have been as participants in a class action"). Solis has identified no aspect of the arbitration provision that is unconscionable or unenforceable.

The Court further finds that Solis' claims fall within the scope of the arbitration provision in the wireless contract. AT&T's arbitration provision requires the parties and "all authorized or unauthorized users or beneficiaries of services," such as Mr. Solis, to arbitrate "all disputes and claims between us." (ECF No. 13 at 7). The arbitration provision in this case is extremely broad and encompasses the entirety of Solis' relationship with AT&T, including tort claims. *See Inlandboatmens Union of Pac. v. Dutra Grp.*, 279 F.3d 1075, 1080 (9th Cir. 2002) overruled on other grounds by *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014)(" if the arbitration clause in a CBA were even broader than the one at issue here, and covered "all disputes that may arise" between the parties, then any dispute over any matter, whether or not it relates to a side agreement, would unquestionably be arbitrable"). Further, contrary to Solis' argument, AT&T's arbitration provision specifically states that it applies to tort claims: "This agreement to arbitrate is intended to be broadly interpreted. It includes, but is not limited to: * * * claims arising out of or relating to any aspect of the relationship between us, whether based in contract, tort, statute, fraud, misrepresentation or any other legal theory[.]" (ECF No. 13 at 8). The Court holds that AT&T's arbitration provision is sufficiently broad to cover Solis' tort claims for fraud and under the MMPA. Moreover, even if there were any doubts concerning arbitration, Eighth Circuit law is clear that such concerns should be resolved in favor of arbitration. *PRM Energy Sys., Inc. v. Primenergy, L.L.C.*, 592 F.3d 830, 836 (8th Cir. 2010) ("As a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, including the construction of the contract language itself.")(internal quotations omitted).

Finally, the Court finds that the dispute is covered by the arbitration provision even though it supposedly pre-dates the agreement to arbitrate. (ECF No. 13 at 10-12). The AT&T

arbitration provision expressly covers "claims that arose before this or any prior Agreement (including, but not limited to, claims related to advertising)[.]" (ECF No. 13 at 11) (citing ECF No. 7-14, §2.2(1)). Numerous courts, including the Eighth Circuit have compelled arbitration of preexisting disputes when the arbitration agreement so provides. *See Berkley v. Dillard's Inc.*, 450 F.3d 775, 777 (8th Cir. 2006) (finding claims were arbitrable even though "most of" the claims arose before the parties entered into the arbitration agreement); *Winfrey v. Bridgestone/Firestone, Inc.*, 205 F.3d 1349 (8th Cir. 1999) (finding claims were subject to arbitration where the arbitration agreement "contains no term limiting its application to claims based on incidents occurring after the [agreement's] effective date").

Thus, the Court finds no basis for determining that the claims in the First Amended Petition are not covered by the arbitration provision. The Court finds that Solis' claims are subject to arbitration and stays this litigation pending the outcome of that arbitration.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant AT&T Mobility LLC's Motion to Compel Arbitration of Claims and to Stay Litigation (ECF No. 6) is **GRANTED**, and this matter is stayed pending resolution of the arbitration process. The parties shall jointly submit a notice updating the Court on the status of this case no later than ten (10) days following the completion of arbitration.

**IT IS FURTHER ORDERED** that the Clerk of Court shall close this case for administrative purposes pending completion of the arbitration process

Dated this 3rd day of November, 2015.

／s／ Ronnie L. White
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE